ON MOTION FOR CLARIFICATION
PER CURIAM.
We have before us Conrad Allen’s petition for belated appeal. Allen claims that on the day of sentencing, January 20, 2004, after entering a plea, he asked counsel to file an appeal in Case No.2003-CF-00671. His lawyer denied being asked to appeal, so we appointed a commissioner to resolve the disputed facts.
This Court made a clerical error in the order appointing a commissioner by reference to a January 20, 2005 sentencing. The trial judge, T. Michael Johnson, has brought the error to our attention and asked us to clarify the following additional discrepancy in Allen’s petition: The petitioner alleged he was sentenced on January 20, 2004, when he should have said January 23, 2004, the date on the sentencing order.
The State has also filed a motion for extension of time because Allen is being held in Pasco County pending an October trial in an unrelated case.
As clarification, we note that the sentencing order was entered in open court “this 23 day of January, 2004 nunc pro tunc to January 20, 2004.” By labeling the order so, it is deemed to take effect as of the earlier date. See Sullivan v. State, 898 So.2d 105,107 n. 2 (Fla. 2d DCA 2005). Accordingly, the petitioner, in alleging he was sentenced on January 20, 2004, has presented a facially sufficient petition.
With this clarification, the cause is returned to the trial court as per this Court’s *387 July 22, 2005 order of remand, to conduct an evidentiary hearing and resolve the factual dispute as to whether the petitioner timely requested that his counsel take an appeal. We grant a 90 day extension and are confident the court will schedule this hearing to accommodate the logistical concerns arising from the pending Pasco County prosecution.
CLARIFICATION GRANTED, CAUSE REMANDED.
PLEUS, C.J., PETERSON and ORFINGER, JJ., concur.